UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JADEN DAVIDSON, a minor, by
CHRISTINA DAVIDSON, his guardian ad
litem,

    Plaintiff,

  vs.

UKIAH VALLEY MEDICAL CENTER and
KAREN CRABTREE, M.D.,

    Defendants.

Case No:  C 11-06147  SBA

**ORDER**

   On November 17, 2010, Plaintiff Jaden Davidson, by and through his guardian ad litem, Christina Davidson ("Plaintiff"), brought this medical malpractice action against Defendants Ukiah Valley Medical Center and Karen Crabtree, M.D. ("Dr. Crabtree") in the Superior Court of California, County of Mendocino.  Compl., Dkt. 1.  The case was removed to this Court on the basis of federal question jurisdiction.  Notice of Removal, Dkt. 1.  The parties are presently before the Court on Dr. Crabtree's motion for an order substituting the United States as the party defendant under 28 U.S.C. § 2679(a) and to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Dkt. 9.  Plaintiff has not filed an opposition or statement of non-opposition as required by Civil Local Rule 7-3(b).

   Having read and considered the papers filed in connection with these matters and being informed, the Court hereby GRANTS the motion to substitute the United States as the party defendant, and orders Plaintiff to file an opposition or statement of non-opposition to the motion to dismiss by no later than seven (7) days from the date this Order is filed.

1   Plaintiff is warned that the failure to timely comply with this Order will result in dismissal

2   of this action with prejudice.  The Court, in its discretion, finds the matters before the Court

3   suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R.

4   7-1(b).

5   I.      **BACKGROUND**

6          On November 17, 2010, Plaintiff commenced this action in Mendocino County

7   Superior Court against Ukiah Valley Medical Center and Dr. Crabtree, alleging that, on or

8   about November 19, 2009, Defendants negligently "caused a serious laceration upon

9   Plaintiff's head [during his birth] causing substantial injury."  See Notice of Removal ¶ 1,

10  Exh. A.  On or about November 22, 2011, the United States Attorney's Office received a

11  copy of the summons and complaint from the United States Department of Health and

12  Human Services. Id. ¶ 2.

13         On December 7, 2011, the United States, on behalf of Dr. Crabtree and upon

14  direction by the Attorney General of the United States, filed a notice of removal pursuant to

15  the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233, on

16  the ground that Dr. Crabtree is an employee of the Mendocino Community Health Clinic,

17  Inc., a federally deemed health center.  Notice of Removal ¶¶ 1, 4.  According to the United

18  States, under FSHCAA, the health center and its employees are covered under the Federal

19  Tort  Claims Act ("FTCA"), which is the exclusive remedy for alleged negligent actions

20  caused by employees of a deemed health center.  Id. ¶ 4. The United States also removed

21  this action pursuant to 28 U.S.C. § 2679(d)(2) because the Chief of the Civil Division of the

22  United States Attorney's Office for the Northern District of California certified that Dr.

23  Crabtree was acting within the course and scope of her employment at all times relevant to

24  Plaintiff's claim. See id. ¶ 5; Certification Pursuant to 28 U.S.C. 2679(d) ¶¶ 1-2, Dkt. 3.

25         The certification states, among other things, that Joann Swanson, Chief of the Civil

26  Division of the United States Attorney's Office for the Northern District of California,

27  certifies that she has reviewed the summons and complaint in the instant action and that

28  under the provision of 28 U.S.C. § 2679(d) certifies that pursuant to the FSHCAA,

Mendocino Community Health Clinic, Inc. and its employees are covered under the FTCA and Dr. Crabtree is an employee of the health center and was acting within the scope of her employment at all times material to the incident alleged in the complaint. Certification Pursuant to 28 U.S.C. 2679(d) ¶¶ 1-2.[1]

## II.   DISCUSSION

### A.   Substitution of the United States as the Party Defendant

Under 28 U.S.C. 2679(d)(2), once a defendant is certified as acting within the scope of federal employment during the incident in question, such a claim will be considered an action against the United States. Section 2679(d)(2) expressly states:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

Here, Dr. Crabtree has been certified as having been acting within the scope of her federal employment at the time of the incident giving rise to the claim alleged in the complaint. See Dkt. 3. Accordingly, the request to substitute the United States as the party defendant is GRANTED.

### B.   Motion to Dismiss

Under Local Rule 7-3, Plaintiff's opposition or statement of non-opposition to the motion to dismiss was due no later than twenty-one (21) days before the hearing date, i.e., on or before March 20, 2012. See Civ. L.R. 7-3(a). This Court's Standing Orders specifically warn that "failure of the opposing party to file a memorandum of points and

---

[1] The Court notes that Ms. Swanson, as the Chief of the Civil Division, has the authority to make the statutory certification that Dr. Crabtree was acting within the scope of her employment with the federal government at the time of the incident out of which the suit arose. See 28 C.F.R. § 15.4

authorities in opposition to any motion shall constitute a consent to the granting of the motion." Civil Standing Orders at 5. Notwithstanding the requirements of Civil Local Rule 7-3 and this Court's Standing Orders, Plaintiff has not filed a response to the motion to dismiss.

The failure to file an opposition to a motion to dismiss in the manner prescribed by the Court's Local Rules is grounds for dismissal. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (failure to file an opposition to a motion to dismiss in violation of a local rule is a proper ground to grant the motion). Here, although Plaintiff's failure to file an opposition is a proper ground to grant the motion to dismiss, the Court will afford Plaintiff the opportunity to file a response to the motion by no later than seven (7) days from the date this Order is filed. The Court, however, warns Plaintiff that the failure to file a timely response will result in dismissal of this action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (pursuant to Rule 41(b), a district court may dismiss an action for failure to comply with any order of the court).

## III. __CONCLUSION__

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.      The request to substitute the United States as the party defendant is GRANTED.

2.      Plaintiff shall file an opposition or statement of non-opposition to the motion to dismiss by no later than seven (7) days from the date this Order is filed. Upon the filing of Plaintiff's response, the matter will be taken under submission without oral argument. In the event Plaintiff fails to timely comply with this Order, this action will be dismissed with prejudice under Rule 41(b).

IT IS SO ORDERED

Dated:  5/1/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28