UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JADEN DAVIDSON, a minor, by CHRISTINA DAVIDSON, his guardian ad litem,<br><br>            Plaintiff,<br><br>     vs.<br><br>UKIAH VALLEY MEDICAL CENTER and KAREN CRABTREE, M.D.,<br><br>            Defendants. | Case No:  11-06147  SBA<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On November 17, 2010, Plaintiff Jaden Davidson, by and through his guardian ad litem, Christina Davidson ("Plaintiff"), brought this medical malpractice action against Defendants Ukiah Valley Medical Center and Karen Crabtree, M.D. ("Dr. Crabtree") in the Superior Court of California, County of Mendocino.  Compl., Dkt. 1.  The case was removed to this Court on the basis of federal question jurisdiction.  Notice of Removal, Dkt. 1.  On December 14, 2011, Dr. Crabtree filed a motion for an order substituting the United States as the party defendant under 28 U.S.C. § 2679(a) and a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Dkt. 9.  Plaintiff, however, did not file an opposition or statement of non-opposition to these motions as required by Civil Local Rule 7-3.

On May 2, 2012, this Court issued an Order granting the motion to substitute the United States as the party defendant, and directing Plaintiff to file an opposition or statement of non-opposition to the motion to dismiss within seven (7) days from the date of the Order.  Dkt. 12.  The Order specifically warned Plaintiff that the failure to file a timely

response will result in dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Id. To date, Plaintiff has not filed a response to the motion to dismiss.

## I.     DISCUSSION

Under Rule 41(b), a district court may dismiss an action if a plaintiff fails to prosecute or comply with a court order. Fed.R.Civ.P. 41(b). In determining whether to dismiss an action pursuant to Rule 41(b) for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In addition, the failure to file an opposition to a motion to dismiss in the manner prescribed by the Court's Local Rules is a proper ground for dismissal. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). However, before dismissing the action, the district court must weigh the five factors outlined in Pagtalunan and Ferdik. See id.

In this case, the Court finds that the above-referenced factors weigh in favor of dismissal. With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This is particularly true in the instant case, where Plaintiff has had ample opportunity to prepare and file a response to the motion to dismiss.

The second factor also weighs in favor of dismissal. See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d at 990 (recognizing the court's need to control its own docket); see also Ferdik, 963 F.2d at 1260 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket").

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial

1 or threatened to interfere with the rightful decision of the case."  Pagtalunan, 291 F.3d at

2 642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's

3 reason for defaulting."  Id.  Here, Plaintiff has offered no explanation for his failure to

4 respond, nor is any apparent from the record.  These facts also weigh strongly in favor of

5 dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

6      As to the fourth factor, the Court has already considered less drastic alternatives to

7 dismissal.  The Court issued an Order on May 2, 2012 which specifically warned Plaintiff

8 that the failure to timely respond to the motion to dismiss will result in dismissal of this

9 action.  "[A] district court's warning to a party that failure to obey the court's order will

10 result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."

11 Ferdik, 963 F.2d at 1262.

12      The final factor, which favors disposition of cases on the merits, by definition,

13 weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of

14 cases on the merits.  Thus, this factor weighs against dismissal.").

15      In sum, the Court concludes that four of the five relevant factors weigh strongly in

16 favor of granting the unopposed motion to dismiss, and dismissing the action in its entirety.

17 Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal,

18 while two factors weighed against dismissal).[1]

19 **II.  CONCLUSION**

20      For the reasons stated above, IT IS HEREBY ORDERED THAT:

21      1.  The unopposed motion to dismiss is GRANTED, and the instant action is

22 DISMISSED without prejudice pursuant to Rule 41(b).

23      2.  The Clerk shall close the file and terminate all pending matters and deadlines.

---

[1] The rationale for dismissing this action applies equally to the remaining defendant, Ukiah Valley Medical Center.  See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742-743 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared."); Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").

1 |     IT IS SO ORDERED
2 | Dated:    5/17/12
3 |                                       SAUNDRA BROWN ARMSTRONG
                                      United States District Judge

IT IS SO ORDERED

Dated:    5/17/12

SAUNDRA BROWN ARMSTRONG
United States District Judge